SA:DG
F.#2015R01973

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (929) 378-9680 THAT IS STORED AT PREMISES CONTROLLED BY T-MOBILE | TO BE FILED UNDER SEAL<br><br>SEARCH WARRANT APPLICATION FOR HISTORICAL CELLSITE INFORMATION<br><br>Case No. 15 M 1146 |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, KIERAN P. KEENAGHAN, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone assigned call number (929) 378-9680 (the "TARGET PHONE") that is stored at premises controlled by T-Mobile. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require T-Mobile to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

2. I am a Task Force Officer with the Joint Robbery Task Force at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am responsible for conducting and

assisting in investigation into the activities of individuals and criminal groups responsible for robberies. These investigations are conducted both in an undercover and overt capacity. I have participated in investigations involving search warrants and arrest warrants. As a result of my training and experience, I am familiar with the technique and methods used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 1951 have been committed, are being committed, and will be committed by CHARLES GELZER, CLARENCE CLARK and others. There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

**PROBABLE CAUSE**

5. The ATF and the New York City Police Department ("NYPD") are investigating a number of armed robberies that took place throughout New York City on or about and between July 21, 2015 and October 12, 2015.

6. In approximately November 2015, the Joint Robbery Task Force identified a pattern of approximately four armed robberies of grocery stores in Brooklyn, Queens and Staten Island that occurred on August 31, 2015, September 3, 2015, September 25, 2015 and October 12, 2015 respectively. In each robbery, two suspects wearing dark clothing and masks entered

2

the grocery store each armed with a gun, brandished the guns, demanded money, lottery tickets, and the employees' phones and then fled. In each robbery, one of the suspects ("Suspect 1") carried a silver handgun and the other ("Suspect 2") carried a red handgun.

7. On or about August 31, 2015, Suspects 1 and 2 entered the AH&F Grocery store on 2811 Ocean Avenue in Brooklyn, NY. Suspect 1 wore a mask and a black vest with two silver buttons on the lapel ("the black vest"). Suspect 1 carried a silver handgun and Suspect 2 carried a red handgun. The robbers went behind the deli counter, displayed the guns and ordered the employee to lie on the floor. Suspect 2 gave Suspect 1 a blue string bag which they filled with money and Newport cigarettes. The robbers also stole the employee's iPhone. A victim from this robbery described Suspect 1 as being a black male in his 40's and Suspect 2 as being a black male in his 20's. CHARLES GELZER is a 47-year old black male. CLARENCE CLARK is as 22-year old black male.

8. Records provided by Apple show that, after the August 31, 2015 robbery, the iPhone that was stolen from the AH&F Grocery employee was registered for an iTunes account under the name "Shateekk Savage." There are two Facebook pages for the name "Shateekk Savage." In one of the Facebook pages, there is a photograph of a Queens Criminal Court Notice of Appearance with Docket Number 2015QN043606.[1] The defendant in the case with that docket number is CLARENCE CLARK. Another photograph on the same Facebook page for "Shateekk Savage" includes a photograph of two individuals: CLARK and CHARLES GELZER. The photograph, which is taken by CLARK using an iPhone, includes images of

---

[1] On this Facebook page, the name "Shateekk Savage" is spelled "Shateekk SavaGe."

3

stacks of money and an arm making a muscle. The caption to the photograph includes two images that include a "$" symbol appearing before the word "TEAM."

9. On or about September 3, 2015, at approximately 10:30 pm, Suspects 1 and 2 entered a grocery store at 180 Bay 35 Street in Brooklyn, NY. Suspect 1 wore a red, white and black mask depicting the flag of Trinidad and Tobego ("the Trinidadian flag mask") and the black vest. Suspect 1 carried a silver handgun and Suspect 2 carried a red handgun. The robbers directed the employee to lie on the floor and they stole money from the cash register and the employee's iPhone, which they put into a blue string bag.

10. On or about September 3, 2015, at approximately 10:30 pm two individuals (Witness 1 and Witness 2) observed two men running from the vicinity of the grocery store at 180 Bay 35 Street. In sum and in substance, Witness 1 described one of the men as a black male wearing dark colored clothing with a red bandanna. The two men entered a car, which had been parked in front of a fire hydrant, and drove away. Witness 1 described the car as being a "smoke gray" colored 4-door sedan which appeared to be a Japanese manufactured car. Records from the New York State Department of Motor Vehicles show that CHARLES GELZER owns a gray 4-door Acura TL.

11. On or about September 25, 2015, Suspects 1 and 2 entered the Flushing Avenue Deli and Grocery located at 63-22 Flushing Avenue in Queens. Suspect 1 was wearing a mask and the black vest and he carried the silver gun. Suspect 2 was carrying the red gun. Suspect 2 ran to the back of the store where he robbed one of the employees of money, credit cards and a cellular telephone. Suspect 1 jumped over the deli counter and pushed an employee to the floor. The robbers stole money from the cash register. During this robbery, the mask that Suspect 1

4

was wearing slipped off his face and surveillance cameras in the grocery store were able to capture images of Suspect 1's face.

12. On or about October 12, 2015, Suspects 1 and 2 entered the M&M Bagel Store at 1609 Victory Boulevard in Staten Island, NY. Suspect 1 was wearing the Trinidadian flag mask and the black vest and he carried the silver gun. Suspect 2 carried the red gun. Suspect 1 demanded that the employee lie on the ground. The robbers stole money from the cash register, lottery tickets and cigarettes.

13. On or about November 4, 2015, CLARENCE CLARK was arrested for two counts of Criminal Possession of Stolen Property in the Fifth Degree, in violation of New York Penal Law § 165.40. At the time of his arrest, CLARK was in possession of a cellular phone with a Sprint call number of (518) 701-9658 (the "FIRST CLARK PHONE").

14. At the time of his November 4, 2015 arrest, CLARK was in possession of a torn Victory State Bank check. The check was made payable to "NYXW," signed and dated October 18, 2015 and numbered "5330." A representative of M&M Bagel Store (the location of the October 12, 2015 robbery), has stated, in sum and substance, that the information on the above-referenced check is consistent with the store's bank account and that the store is missing the above-referenced check.

15. On or about November 17, 2015, CHARLES GELZER was arrested in connection with an armed street robbery which he committed on July 21, 2015. During this robbery, GELZER and Suspect 2 approached two individuals on the street in Brooklyn. GELZER displayed a silver gun and Suspect 2 displayed a red gun. GELZER was not wearing a mask during this robbery and the two victims of the street robbery were able to view GELZER's face. The two victims were each shown a photo array, in which GELZER's photograph was

5

included. Both of the victims identified GELZER as one of the two individuals who committed the robbery.

16. At the time of GELZER's arrest on November 17, 2015, he had the Trinidadian flag mask in his pocket.

17. In multiple photographs posted on Facebook, including the above-referenced photograph with CLARK and the images of stacks of money, GELZER, identified by his full name, is shown wearing the black vest.

18. I have reviewed the video and still photographs from the September 25, 2015 robbery in which Suspect 1's face is shown. Upon information and belief, I believe that Suspect 1 depicted in those images is CHARLES GELZER

19. At the time of his November 17 arrest, GELZER was in possession of a cellular phone with a T-Mobile call number of (646) 807-5067 (the "FIRST GELZER PHONE").

20. On November 18, 2015, GELZER was arraigned in this Court on a complaint charging him with violations of 18 U.S.C. § 1951.

21. On November 25, 2015, the Honorable Lois Bloom issued search warrants for (i) historical cellsite information associated with the FIRST CLARK PHONE and the FIRST GELZER PHONE, and (ii) two cellular phones that were within Gelzer's custody and control at the time of his November 18, 2015 arrest: (1) ONE WHITE SAMSUNG GALAXY SERVICED BY T-MOBILE ("DEVICE 1"); AND (2) ONE BLACK LG METRO PCS RECOVERED FROM CHARLES GELZER ("DEVICE 2").

22. On or about November 27, 2015, law enforcement agents executed the search warrant on DEVICE 1 and, during the search, identified two telephone numbers listed under the name "Clarence," which were listed in the contact lists for DEVICE 1. Those telephone

numbers are the telephone numbers for: (i) the FIRST CLARK PHONE, which was, as indicated above, in the possession of CLARENCE CLARK at the time of his arrest on November 4, 2015, and (ii) the TARGET PHONE.

23. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

24. Based on my training and experience, I know that T-Mobile can collect cell-site data about the TARGET PHONE. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular phones to which they provide service in their normal course of business in order to use this information for various business-related purposes.

25. Based on my training and experience, I know that wireless providers such as T-Mobile typically collect and retain information about their subscribers in their normal course of

7

business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as T-Mobile typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the TARGET PHONE'S user or users and may assist in the identification of co-conspirators and/or victims.

## AUTHORIZATION REQUEST

26. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

27. I further request that the Court direct T-Mobile to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

28. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.

8

29. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

KIERAN KEENAGHAN
Task Force Officer
Joint Robbery Task Force
ATF

Subscribed and sworn to before me on December 1, 2015

THE HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

9

## ATTACHMENT A

### Property to Be Searched

This warrant applies to records and information associated with the cellular telephone assigned call number (929) 378-9680, ("the Account"), that are stored at premises controlled by T-MOBILE ("the Provider"), headquartered at 4 Sylvan Way Parsippany, NJ 07054.

## ATTACHMENT B

### Particular Things to be Seized

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period June 1, 2015 through November 17, 2015.

    a. The following information about the customers or subscribers of the Account:

        i. Names (including subscriber names, user names, and screen names);

        ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii. Local and long distance telephone connection records;

        iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v. Length of service (including start date) and types of service utilized;

        vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

2

      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

      ii. information regarding the cell towers and sectors through which the communications were sent and received.

## II.   Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of 18 U.S.C. § 1951 during the period June 1, 2015 through November 17, 2015.